UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DOMINION BUSINESS FINANCE, LLC.,**

    **Plaintiff,**

v.                                            Case No. 8:10-cv-870-T-30EAJ

**NATIONWIDE PROPERTY AND
CASUALTY INSURANCE COMPANY
and SEIBERT INSURANCE AGENCY,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 10), Plaintiff's Memorandum of Law in support of same (Dkt. 11), Defendant Nationwide and Casualty Insurance Company's Response to Plaintiff's Motion to Remand (Dkt. 14), and Defendant Seibert Insurance Agency's Notice of Joinder in Defendant Nationwide and Casualty Insurance Company's Response to Plaintiff's Motion to Remand (Dkt. 15). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Plaintiff's Motion to Remand should be denied.

## BACKGROUND

On or about March 15, 2010, Plaintiff Dominion Business Finance, LLC ("Plaintiff") filed a complaint against Defendants Nationwide Property and Casualty Insurance Company ("Nationwide") and Seibert Insurance Agency ("Seibert") in the Circuit Court for the

Thirteenth Judicial Circuit in and for Hillsborough County, Florida (the "State Court Action"). Counts I and II of Plaintiff's complaint contend that Nationwide breached its contracts with Plaintiff, who is legally standing in the shoes of the named insured, Megabyte International Corp. ("Megabyte"), through its status as an additional insured. Specifically, Plaintiff alleges that Nationwide breached the commercial crime and property policies issued to Megabyte. Plaintiff was an additional insured under these policies.

Counts III and IV of Plaintiff's complaint seek declaratory relief pursuant to Florida's Declaratory Judgment Act, Fla. Stat. §86.011, against Nationwide and Seibert. These counts request that the Court declare that, among other things, Seibert, as the insurance agent who procured and maintained the insurance policies, must produce its agency file to Plaintiff pursuant to Fla. Stat. §626.748 and must provide Plaintiff with the name of Seibert's professional liability and/or errors and omissions insurer pursuant to Fla. Stat. §627.4137.

On April 14, 2010, Nationwide filed its Notice of Removal (Dkt. 1) and removed the State Court Action to this Court, alleging that Plaintiff fraudulently joined Seibert for the purpose of destroying diversity jurisdiction because no private cause of action exists against Seibert. Specifically, Nationwide argues that Fla. Stat. §626.748 and Fla. Stat. §627.4137 do not expressly provide a cause of action for a violation. Nationwide contends that the statutes merely prescribe the requirement to maintain records (section 626.748) and the requirement of a liability insurer to provide information (section 627.4137). Nationwide also notes that the claims against Seibert are irrelevant to the issue of whether there is coverage under the insurance policies as contended in Counts I and II.

On May 11, 2010, Plaintiff filed a Motion to Remand (Dkt. 10). Plaintiff argues that the removal is defective because Plaintiff need only have a possibility of stating a valid cause of action against Seibert. Plaintiff contends that Florida's Declaratory Judgment Act provides courts with broad discretion to construe the rights, status, or other equitable or legal relations under the Florida Statutes at issue in this case. Plaintiff does not demonstrate how the claims against Seibert are related to the claims against Nationwide for breach of contract.

The Court concludes that, as set forth in Fla. Stat. §86.101, Florida's Declaratory Judgment Act is to be liberally construed and Plaintiff's declaratory action against Seibert under Fla. Stat. §626.748 demonstrates a possibility of stating a valid claim. However, the Court concludes that the claims Plaintiff asserts against Seibert have no real connection to the claims against Nationwide. Thus, remand is not appropriate and Seibert must be dismissed as being fraudulently joined.

## **DISCUSSION**

A civil case filed in a state court may be removed to federal court by a defendant if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *See Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1359 (11th Cir. 1996). When a defendant removes an action to federal court on diversity grounds, a court must remand the matter back to state court if complete diversity is lacking between the parties or

if any of the properly served defendants are citizens of the state in which the suit was filed. *Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007). Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts. *Univ. of S. Ala. v. Am. Tobacco,* 168 F.3d 405, 411 (11th Cir. 1999).

"An action may nevertheless be removable if the joinder of the non-diverse party ... [was] fraudulent." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998). There are three situations where joinder may be deemed fraudulent: (1) when there is no possibility the plaintiff can prove a cause of action against the non-diverse defendant, (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts, and (3) when a diverse defendant is joined with a non-diverse defendant to whom there is no joint, several, or alternative liability and where the claims against the diverse and non-diverse defendants have no real connection to each other. *Id.* Defendants in the instant case have asserted that Plaintiff cannot prove a cause of action against Seibert, the only non-diverse defendant.

In evaluating this type of fraudulent joinder claim, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir. 1983). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the

joinder to be legitimate." *Triggs,* 154 F.3d at 1287. The potential for legal liability "must be reasonable, not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005) (*citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002)). In considering *possible* state law claims, possible must mean "more than such a possibility that a designated residence can be hit by a meteor tonight. That is possible. Surely, as in other instances, reason and common sense have some role." *Id*.

"T]he determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties.*" *Legg*, 428 F.3d at 1322 -23 (emphasis in the original ) (*citing Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1380 (11th Cir.1998)). The proceeding appropriate "for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)." *Id.* (*citing Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997)). In such a proceeding, the district court must "resolve all questions of fact ... in favor of the plaintiff." *Id.* (*citing Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir.1989)).

As set forth herein, Plaintiff asserts two causes of action against Seibert under Florida's Declaratory Judgment Act. The Court must remand the present case if any one of the two counts presents the possibility of a valid cause of action against Seibert, the non-diverse Defendant. A review of the first cause of action against Seibert demonstrates the possibility of a valid cause of action. There is a reasonable basis for predicting that Chapter

86 gives Florida courts the power to construe the rights, status, or other equitable or legal relations under Fla. Stat. §626.748.

Section 626.748 states the following:

> 626.748 Agent's records.–Every agent transacting any insurance policy must maintain in his or her office, or have readily accessible by electronic or photographic means, such records of policies transacted by him or her as to enable the policyholders and department to obtain all necessary information, including daily reports, applications, change endorsements, or documents signed or initialed by the insured concerning such policies.

Plaintiff claims that it is seeking declaratory relief to obtain a copy of Seibert's file because Seibert refused to produce the file after Plaintiff's requests for same and Nationwide instructed Seibert to refuse to produce the file. Specifically, paragraph 82 of the complaint states that the

> parties are in genuine doubts about their rights under the Policies and Florida law. Plaintiff believes and, therefore, alleges that Defendants Nationwide and/or Seibert have failed to produce documents and/or allow [Plaintiff] to inspect such documents for copying in violation of the above-referenced insurance policies and/or Florida law, including among other things, Section 626.748, Florida Statutes, thereby prejudicing the rights of [Plaintiff].

(Dkt. 2).

Defendants argue that section 626.748 does not provide Plaintiff with a cause of action. However, in *Saviak v. Gunter*, 379 So. 2d 450 (Fla. 3d DCA 1980), the court held that under section 626.748, the State Insurance Commissioner had the right to have a court order requiring an insurance agent to produce records. Defendants contend that *Saviak* is not

on point because it involved the State Insurance Commissioner and not just any individual. But *Saviak* does demonstrate that a court may require the production of documents under section 626.748, which is what Plaintiff is seeking in its declaratory action against Nationwide and Seibert. Clearly, this demonstrates that it is "possible" that Plaintiff can sustain such a claim, especially given the fact that Chapter 86 is to be liberally construed[1].

Although Plaintiff's claim against Seibert arising under section 626.748 is "possible," the Court concludes that Seibert is fraudulently joined because when a diverse defendant is joined with a non-diverse defendant to whom there is no joint, several, or alternative liability and where the claims against the diverse and non-diverse defendants have no real connection to each other, the non-diverse defendant must be dismissed. The claims against Seibert in Counts III and IV relate to the production of insurance documents and bear no relation to Plaintiff's breach of contract claims against Nationwide. Indeed, the claims do not involve common questions of law or fact. Plaintiff does argue that it may have additional claims against Seibert for negligence, malpractice, or misrepresentation, however, the determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's claims at the time of removal. Merely suggesting that additional claims may be asserted against Seibert in the future is insufficient.

It is therefore ORDERED AND ADJUDGED that:

---

[1] The Court does agree with Nationwide that Plaintiff could not sustain such a claim against Nationwide, because section 626.748 is specifically directed to an agent maintaining records. Moreover, to the extent Plaintiff is attempting to assert a bad faith claim against Nationwide, such a claim is premature at this stage. Accordingly, Nationwide's motion to dismiss this claim (Dkt. 9) should be granted.

1. Plaintiff's Motion to Remand (Dkt. 10) is hereby **DENIED**.

2. Plaintiff's claims against Defendant Seibert Insurance Agency are hereby **SEVERED AND REMANDED** to the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. The Clerk is directed to remand these claims as set forth herein and forward a certified copy of this Order to that court.

3. The Court hereby retains jurisdiction as to Plaintiff's claims against Defendant Nationwide Property and Casualty Insurance Company.

4. Seibert's Motion to Dismiss (Dkt. 5) is hereby **DENIED as moot**.

5. Nationwide's Motion to Dismiss Count III of Plaintiff's Complaint (Dkt. 9) is hereby **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida on June 1, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-870.remand.frm